## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

In re:

USA GYMNASTICS,[1]

Debtor.

Chapter 11

Case No. 18-09108-RLM-11

## DEBTOR'S MOTION FOR ORDER APPROVING
## THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURES

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this motion (the "**Motion**") for the entry of an order (the "**Disclosure Statement Order**"), substantially in the form attached hereto as Exhibit A: (a) approving the Disclosure Statement (defined below); (b) establishing the voting deadline and other related dates and deadlines in connection with voting on the Plan (defined below); (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; (d) approving the manner and forms of notice and other related documents; and (e) granting other relief relating thereto as set forth herein. In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 1099 N. Meridian St., Suite 800, Indianapolis, Indiana 46204.

2.      The statutory and legal predicates for the relief requested herein are sections 105(a), 502, 1123(a), 1124, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3018-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**").

## BACKGROUND

3.      On December 5, 2018, USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

5.      On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee of Sexual Abuse Survivors (the "**Survivors' Committee**" and, together with the Debtor, the "**Plan Proponents**").

6.      On August 31, 2021, the Plan Proponents filed the *Joint Chapter 11 Plan Of Reorganization Proposed By USA Gymnastics And The Additional Tort Claimants Committee Of Sexual Abuse Survivors* [Dkt. 1551] (the "**Plan**") and the Debtor filed the *Disclosure Statement For Joint Chapter 11 Plan Of Reorganization Proposed By USA Gymnastics And The Additional Tort Claimants Committee Of Sexual Abuse Survivors* [Dkt. 1552] (the "**Disclosure Statement**").[2]

---

[2] Capitalized terms used herein and not defined shall have the meanings ascribed to such terms in the Plan or Disclosure Statement.

2

7.     Concurrently with the filing of this Motion, the Debtor will provide notice (the "**Disclosure Statement Hearing Notice**"), in substantially the form attached hereto as <u>Exhibit B</u>, of a hearing to seek approval of the Disclosure Statement, which is scheduled for **October 4, 2021 at 10:30 a.m. (prevailing Eastern time)** (the "**Disclosure Statement Hearing**").

8.     In accordance with Section 1126 of the Bankruptcy Code, the Plan classifies all holders of Claims into certain Classes for all purposes, including with respect to voting to accept or reject the Plan, as follows:

| CLASS | DESCRIPTION | IMPAIRMENT | VOTING |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 2 | PNC Bank Claim | Unimpaired | Deemed to Accept |
| 3 | Sharp Claim | Unimpaired | Deemed to Accept |
| 4 | General Unsecured Convenience Claims | Unimpaired | Deemed to Accept |
| 5 | General Unsecured Claims | Impaired | Yes |
| 6 | Abuse Claims | Impaired | Yes |
| 7 | Personal Injury Claim | Impaired | Yes |
| 8 | USOPC Claim | Impaired | Yes |
| 9 | Indemnification Claims | Impaired | Yes |
| 10 | FCR Claim *(only under the Full or Partial Settlement Alternative)* | Impaired | Yes |
| 11 | Sexual Abuse Claims Filed After The Bar Date | Impaired | Deemed to Reject |

9.     Based on the foregoing, the Debtor will solicit votes to accept or reject the Plan from holders of Claims in Classes 5, 6, 7, 8, 9, and 10 (but Class 10's vote will only be considered under the Full or Partial Settlement Alternative) (collectively, the "**Voting Classes**"). The Debtor will not solicit votes to accept or reject the Plan from Classes 1, 2, 3, 4, and 11 (collectively, the "**Non-Voting Classes**").

**RELIEF REQUESTED**

10.     The Debtor respectfully requests that the Court enter the Disclosure Statement Order: (a) approving the Disclosure Statement; (b) establishing the voting deadline and other related dates and deadlines in connection with voting on the Plan; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; (d) approving the manner and forms of notice and other related documents; and (e) granting other relief relating thereto as set forth herein.

11.     The following chart provides a timeline of the key dates and deadlines for the hearing on the Disclosure Statement and for which the Debtor seeks approval in connection with the hearing on Plan confirmation:

| Event | Proposed Date |
| --- | --- |
| Deadline to File Plan Exhibits E, H, I, and J and Debtor and Survivors' Committee Letters in Support | September 22, 2021, at 11:59 p.m. E.T. |
| Disclosure Statement Objection Deadline | September 29, 2021, at 11:59 p.m. E.T. |
| Deadline to Respond to Disclosure Statement Objections | October 1, 2021, at 11:59 p.m. E.T. |
| Disclosure Statement Hearing | October 4, 2021, at 10:30 a.m. E.T. |
| Solicitation Deadline | October 8, 2021 |
| Voting Deadline | November 8, 2021 |
| Voting Report Filing Deadline | November 12, 2021, at 11:59 p.m. E.T. |
| Plan Objection Deadline | November 19, 2021, at 11:59 p.m. E.T. |
| Deadline to Respond to Plan Objections | December 3, 2021, at 11:59 p.m. E.T. |
| Confirmation Hearing | December 8-9, 2021, at 10:00 a.m. E.T. |

## BASIS FOR RELIEF

**I.     The Disclosure Statement Should Be Approved.**

12.     The Debtor requests that the Disclosure Statement be approved as providing "adequate information" within the meaning of Section 1125 of the Bankruptcy Code. Under Section 1125 of the Bankruptcy Code, a debtor must provide creditors with "adequate information" regarding any proposed chapter 11 plan:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information…."

11 U.S.C. § 1125(a)(1).

13.     Thus, a disclosure statement must, as a whole, provide information that is reasonably practicable to permit an informed judgment by creditors entitled to vote on a plan of reorganization. *See, e.g., In re Distance Learning Systems of Indiana, Inc.*, No. 10-14617, Dkt. 112 (Bankr. S.D. Ind. Apr. 19, 2012) (order approved disclosure statement as containing adequate information); *In re Greenwood Point, LP*, No. 10-569, Dkt. 116 (Bankr. S.D. Ind. Oct. 15, 2010) (same); *In re Critical Access Health Services Corp.*, 09-92085, Dkt. 399 (Bankr. S.D. Ind. Dec. 22, 2009); *In re Kmart Corp.*, 310 B.R. 107, 120 (Bankr. N.D. Ill. 2004) (recognizing that disclosure statement was adequate). As one court has noted, "Congress purposely left vague the standard for judging what constitutes adequate information to allow the Court to make a case-by-case determination." *In re Ashley River Consulting, LLC*, No. 14-13046, 2015 WL 6848113, at *7

(Bankr. S.D.N.Y. Nov. 6, 2015). A debtor need not include all potentially relevant information in a disclosure statement, as burdening a disclosure statement with "overly technical and extremely numerous additions . . serve[s] only to diminish the understanding of a typical creditor." *Id.*

14. Here, the Disclosure Statement contains ample information regarding the Plan. It provides information regarding the Debtor's nonprofit organization, the events leading to the Debtor's chapter 11 case, and the major events in the bankruptcy case; explains the terms of the Plan; identifies the Classes of Claims under the Plan and the types of Claims contained in each Class; discloses the proposed treatment of, and the estimated recoveries for, each Class of Claims; conspicuously describes the release, injunction, and exculpation provisions contained in the Plan; sets forth certain non-monetary commitments; appends a liquidation analysis and cash flow projections; explains why the Debtor and the Survivors' Committee believe the Plan is in the best interests of all of the Debtor's stakeholders, including abuse claimants; and discloses various risk factors and tax consequences related to the Plan. The Disclosure Statement will also incorporate certain Exhibits to the Plan that set forth the allocation protocols for Abuse Claims and Future Claims. Accordingly, the Debtor respectfully submits that the Disclosure Statement more than satisfies the requirements of Section 1125 of the Bankruptcy Code and contains adequate information for voting Claimants.

15. In addition, pursuant to Bankruptcy Rule 3016(c), "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the Code, the plan and disclosure statement shall describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to the injunction." Fed. R. Bankr. P. 3016(c).

16.     Detailed and conspicuous descriptions of the Plan's injunction, release, and exculpation provisions are disclosed in Articles I, II, VI.C, VI.D, and IX.D of the Disclosure Statement. Article I.B.1.a of the Disclosure Statement also specifically identifies the non-debtor third-parties that would benefit from the Channeling Injunction, Settling Insurer Injunction, and releases proposed under the Plan's Full or Partial Settlement Alternative. Article VI.D of the Disclosure Statement is set forth in bold and capitalized print. Accordingly, the Debtor submits that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties to be enjoined, released, or exculpated by the Plan, and the Disclosure Statement should be approved.

## II.     The Solicitation And Voting Procedures Should Be Approved.

### A.     The Voting Deadline Should Be Approved.

17.     Bankruptcy Rule 3017(c) provides that prior to approving the disclosure statement, the Court must fix a time within which the holders of claims may accept or reject the plan, and may also fix a date for the hearing on confirmation of the plan. Fed. R. Bankr. P. 3017(c). The Debtor requests the Court establish a date that is not less than twenty-eight (28) days from the deadline for the Debtor to distribute solicitation and other voting materials to holders of Claims in Voting Classes (the "**Solicitation Deadline**") as the deadline (the "**Voting Deadline**") by which Ballots (defined below) must be received by Omni Agent Solutions, Inc. (the "**Balloting Agent**"). The Debtor further requests that the Court require that all holders of Claims entitled to vote to accept or reject the Plan complete, execute, and return their Ballots so that they are **actually received** by the Balloting Agent on or before the Voting Deadline.

**B.**     **Approval Of Form Of Ballots.**

18.     In accordance with Bankruptcy Rule 3018(c) and Local Rule 3018-1(b), the Debtor seeks approval of customized ballots (the "**Ballots**"). Although based on Official Form No. 314, the Ballots have been modified to: (a) with respect to the holders of Class 6 Abuse Claims, describe in plain language the proposed treatment of Class 6 Abuse Claims under the Plan and the Full or Partial Settlement Alternative or Litigation Only Alternative, and disclose that holders of Class 6 Abuse Claims who are represented by counsel may instruct their counsel to submit and vote their Class 6 Claims on their behalf; (b) with respect to the holders of Class 5 General Unsecured Claims, explain that such holders may elect on their Ballots to reduce their Class 5 Claims to $500.00 and consent to treatment as a holder of a Class 4 General Unsecured Convenience Claim; and (c) with respect to all Voting Classes, include certain additional information that is relevant and appropriate for all holders of Claims, including instructions for submitting Ballots.

19.     Local Rule 3018-1(b) allows the use of customized ballots so long as they are approved by the Court. The proposed form of Ballots should be approved because they are tailored to the specific needs and circumstances of this chapter 11 case. For example, the Ballots provide helpful voting instructions for claimants, and the Debtor's Balloting Agent will customize each Ballot to include the name and address of the Claimant entitled to vote each Ballot, as well as the amount of their Claim (although holders of Claims in Classes 6, 7, 8, 9, and 10 will be allocated $1.00 solely for voting purposes, as described below).

20.     The Ballots also explain to Claimants two options for submitting their Ballots. The Ballots state that they must be returned to and actually received by the Balloting Agent on or before the Voting Deadline by (1) the electronic ballot submission platform on the Balloting Agent's website (the "E-Ballot Platform") at https://omniagentsolutions.com/USAG-SAballots (Abuse

Claims and the FCR Claim) or https://omniagentsolutions.com/USAG-ballots (all other Claims), or (2) mail, overnight, or personal delivery to the Balloting Agent at USA Gymnastics Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367. The encrypted ballot data and audit trail created by each electronic submission on the E-Ballot Platform will become part of the record of any electronic Ballot submitted via the E-Ballot Platform and the electronic signature will be deemed to be an original signature that is legally valid and effective. Finally, the Ballots disclose that the Balloting Agent will not accept submission of Ballots except through (1) the E-Ballot Platform or (2) mail, overnight, or personal delivery, and that submission by any other means will cause a Claimant's Ballot not to counted.

21.      The Debtor requests that the Court approve the proposed form of Ballots. The proposed Ballots are attached as Exhibits to the proposed Disclosure Statement Order as follows:

    a.   Class 5 Ballot: the ballot for the holders of Class 5 General Unsecured Claims is appended as **Exhibit 1** to the proposed Disclosure Statement Order;

    b.   Class 6 Ballot: the ballot for the holders of Class 6 Abuse Claims is appended as **Exhibit 2** to the proposed Disclosure Statement Order;

    c.   Class 7 Ballot: the Ballot for the holder of the Class 7 Personal Injury Claim is appended as **Exhibit 3** to the proposed Disclosure Statement Order;

    d.   Class 8 Ballot: the Ballot for the holder of the Class 8 USOPC Claim is appended as **Exhibit 4** to the proposed Disclosure Statement Order;

    e.   Class 9 Ballot: the Ballot for the holders of Class 9 Indemnification Claims is appended as **Exhibit 5** to the proposed Disclosure Statement Order; and

    f.   Class 10 Ballot: the Ballot for the holder of the Class 10 FCR Claim is appended as **Exhibit 6** to the proposed Disclosure Statement Order.

**C.      Approval Of Solicitation Packages.**

22.      Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims entitled to vote to accept or reject a plan for the purposes of soliciting their votes to accept or reject such plan and providing adequate notice of the hearing to confirm such plan. These

materials include: (a) the plan; (b) the approved disclosure statement; (c) a notice of time within which acceptances and rejections of such plan may be filed; and (d) any other information that the court may direct to certain holders of claims. Fed. R. Bankr. P. 3017(d).

23.    Consistent with Bankruptcy Rule 3017(d), on or prior to the Solicitation Deadline, the Debtor will cause to be distributed solicitation packages (each, a "**Solicitation Package**," and collectively, the "**Solicitation Packages**") by first-class U.S. mail to those holders of Claims in the Voting Classes, or by e-mail if the Debtor does not have a mailing address for the holder of a Claim, consisting of the following:

    a.   the form of letter by the Debtor (the "**Debtor's Cover Letter**") explaining the solicitation process and urging holders of Claims to vote to accept the Plan, substantially in the form attached to the proposed Disclosure Statement Order as **Exhibit 7 (to be filed with the Court on or before September 22, 2021 at 11:59 p.m. (E.T.))**;

    b.   the form of letter by the Survivors' Committee (the "**Survivors' Committee's Letter**") to holders of Class 6 Abuse Claims recommending that such claimants vote to accept the Plan, substantially in the form attached to the proposed Disclosure Statement Order as **Exhibit 8 (to be filed with the Court on or before September 22, 2021 at 11:59 p.m. (E.T.))**;

    c.   the proposed Disclosure Statement Order (excluding exhibits thereto);

    d.   the notice of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing Notice**"), substantially in the form attached to the proposed Disclosure Statement Order as **Exhibit 9**;

    e.   an appropriate form of Ballot;

    f.   the Disclosure Statement (and exhibits thereto, including the Plan); and

    g.   such other materials as the Court may direct.

24.    Additionally, the Debtor will provide: (a) Solicitation Packages (excluding the Ballots, the Debtor's Cover Letter, and the Survivors' Committee's Letter) to the U.S. Trustee, the Survivors' Committee, the Indiana Attorney General, and all parties who have filed requests for

notices under Bankruptcy Rule 2002 as of the date the proposed Disclosure Statement Order is entered by the Court; and (b) the Confirmation Hearing Notice to all known holders of Claims.

25.     The Debtor submits that the materials contained in the Solicitation Packages provide holders of Claims entitled to vote to accept or reject the Plan with the information they need to be able to make informed decisions with respect to how to vote. The requested procedures afford holders of Claims entitled to vote to accept or reject the Plan at least 28 days within which to review and analyze such materials and subsequently make an informed decision, prior to the Voting Deadline, on whether to vote to accept or reject the Plan. These procedures are consistent with the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**D.     Notices To Non-Voting Classes.**

26.     The holders of Claims in the Non-Voting Classes are not entitled to vote to accept or reject the plan because, in the case of Classes 1-4, they are not impaired, and in the case of Class 11, they will receive nothing under the plan. *See* 11 U.S.C. § 1126(f). Accordingly, the Debtor proposes to send holders of Claims in the Non-Voting Classes a notice of non-voting status (the "**Notice Of Non-Voting Status**"), in substantially the form attached to the proposed Disclosure Statement Order as **Exhibit 10**. The Notice of Non-Voting Status will include, among other things: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and other exhibits thereto) and the proposed Disclosure Statement Order; (b) notice of the Plan Objection Deadline (defined below); and (c) notice of the Confirmation Hearing (defined below), and information related to plan confirmation generally.

27.     The Debtor submits that the mailing of the Notice Of Non-Voting Status in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d). Thus, unless the

Court orders otherwise, the Debtor will distribute the Notice Of Non-Voting Status to holders of Claims in the Non-Voting Classes instead of Solicitation Packages.

28.     In addition, the Debtor will publish the Confirmation Hearing Notice (in a format modified for publication) one time on or before October 8, 2021 in the National Edition of USA Today. The Debtor will also post the Confirmation Hearing Notice, Plan, and Disclosure Statement on its website and the restructuring website.

**E.     The Solicitation And Voting Procedures Should Be Approved.**

29.     The Debtor respectfully requests that the Court approve the solicitation and voting procedures incorporated into the proposed Disclosure Statement Order (the "**Solicitation and Voting Procedures**") and described herein, which are consistent with section 1126 of the Bankruptcy Code, Bankruptcy Rule 3018(a), and this Court's Local Rules. The Debtor proposes the Solicitation and Voting Procedures solely for the purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claims, and without prejudice to the rights of the Debtor in any other context.

30.     The Debtor requests that this Court exercise its authority under Sections 105(a) and 502(c) of the Bankruptcy Code to approve the Solicitation and Voting Procedures. A summary of the voting procedures for the Claims in each of the Voting Classes is provided below:

   a.   <u>Class 5: General Unsecured Claims</u>. Each holder of a Class 5 General Unsecured Claim that is liquidated, and each Class 5 General Unsecured Claim that is partially liquidated and partially unliquidated, and that has not been disallowed or objected to, shall be entitled to vote on account of such Claim in the liquidated amount. Each holder of a Class 5 General Unsecured Claim that is scheduled as contingent or unliquidated or disputed, or scheduled for $0.00, for which no proof of claim has been filed, shall not be entitled to vote on account of such Claim.

   b.   <u>Class 6: Abuse Claims</u>. Each holder of a Class 6 Abuse Claim will be allowed to vote and allocated a Claim in the amount of $1.00 for voting purposes only. To be clear, this allocation is solely to facilitate the ability of holders of Class 6

Claims, which are unliquidated, to vote to accept or reject the Plan, and does not reflect any assessment of the value of such Class 6 Claims.

c.  Class 7: Personal Injury Claim. The holder of the Class 7 Personal Injury Claim will be allowed to vote and allocated a Claim in the amount of $1.00 for voting purposes only. To be clear, this allocation is solely to facilitate the ability of the holder of the Class 7 Claim, which is unliquidated, to vote to accept or reject the Plan, and does not reflect any assessment of the value of the Class 7 Claim.

d.  Class 8: USOPC Claim. The holder of the Class 8 USOPC Claim will be allowed to vote and allocated a Claim in the amount of $1.00 for voting purposes only. To be clear, this allocation is solely to facilitate the ability of the holder of the Class 8 Claim, which is unliquidated, to vote to accept or reject the Plan, and does not reflect any assessment of the value of the Class 8 Claim.

e.  Class 9: Indemnification Claims. Each holder of a Class 9 Indemnification Claim will be allowed to vote and allocated a Claim in the amount of $1.00 for voting purposes only. To be clear, this allocation is solely to facilitate the ability of holders of Class 9 Claims, which are unliquidated, to vote to accept or reject the Plan, and does not reflect any assessment of the value of such Class 9 Claims.

f.  Class 10: FCR Claim. The holder of the Class 10 FCR Claim will be allowed to vote and allocated a Claim in the amount of $1.00 for voting purposes only. To be clear, this allocation is solely to facilitate the ability of the holder of the Class 10 Claim, which is unliquidated, to vote to accept or reject the Plan, and does not reflect any assessment of the value of the Class 10 Claim. The vote of the Class 10 FCR Claim will only be counted if the Plan Proponents jointly elect the Full or Partial Settlement Alternative.

31.  Additional Solicitation and Voting Procedures are as follows:

a.  Allowance of Claims for Voting Purposes:

   i.  If a Claim is deemed Allowed under the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan.

   ii.  If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed in the liquidated amount solely for purposes of voting on the Plan.

   iii.  The holders of Claims in Classes 6, 7, 8, 9, and 10 shall have their Claims temporarily allowed to vote and allocated a Claim in the amount of $1.00 for voting purposes only; *provided, however*, this allocation is made solely to facilitate the ability of holders of Claims in Classes 6, 7, 8, 9, and 10 to vote to accept or reject the Plan, because the Claims in such Classes are unliquidated, does not reflect any assessment of the

value of such Claims, and shall not have any bearing on the value of such Claims for purposes of allowance or distribution.[3]

iv.   Claims scheduled as contingent, unliquidated, or disputed, and for which no proof of claim has been filed, are disallowed for voting purposes.

v.    Claims scheduled by the Debtor for $0.00, and for which no proof of claim has been filed, as well as proofs of claim filed for $0.00, are disallowed for voting purposes.

vi.   If a Claim has been amended, the Claimant shall be entitled to vote on account of the subsequently filed amending Claim, and the Claimant shall not be entitled to vote on account of the previously filed amended Claim, regardless of whether the Debtor has objected to such amended Claim.

vii.  Any entity who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Voting Class, regardless of whether the Debtor has objected to such duplicate Claims.

viii. To the extent any entity holds or has filed more than one non-duplicative Claim in a particular Voting Class, such entity must vote all of its non-duplicative Claims in a particular Voting Class either to accept or reject the Plan, and may not split its vote within a particular Voting Class. For the purposes of the numerosity requirement of Section 1126(c) of the Bankruptcy Code, separate Claims held by a single entity in a particular Class shall be aggregated as if such entity held one Claim against the Debtor in such Class, and the vote on account of such Claims shall be treated as a single vote to accept or reject the Plan.

ix.   Ballots must be returned to and actually received by the Balloting Agent on or before the Voting Deadline by (1) the electronic ballot submission platform on the Balloting Agent's website (the "**E-Ballot Platform**"), or (2) mail, overnight, or personal delivery. The E-Ballot Platform is an online customized balloting portal to be maintained by the Balloting Agent. Instructions for casting an electronic Ballot may be found on the Ballot Agent's website at https://omniagentsolutions.com/USAG-SABallots (Abuse Claims and the FCR Claim) or https://omniagentsolutions.com/USAG-Ballots (all other Claims). The encrypted ballot data and audit trail created by each electronic submission on the E-Ballot Platform will become part of the record of any electronic Ballot submitted in this manner and the electronic signature will be deemed to be an original signature that is legally valid and effective. Any Ballot submitted by any means other than (1) the E-

---

[3] A portion of the Claim in Class 8 is liquidated.  Nevertheless, Class 8 will be temporarily allowed only in the amount of $1.00 for voting purposes only. The holder of the Claim in Class 8 will vote only in Class 8 and not in any other Class.

Ballot Platform or (2) mail, overnight, or personal delivery to the Balloting Agent will be not be counted.

    x.    If any Ballot is validly executed and submitted to the Balloting Agent on or before the Voting Deadline but does not indicate either acceptance or rejection of the Plan, such Ballot will be counted as an acceptance of the Plan.

    xi.    Any validly executed and timely Ballot that indicates both acceptance and rejection of the Plan shall be counted as an acceptance of the Plan.

    xii.    If the Debtor's Balloting Agent receives more than one Ballot on the same day and on account of the same Claim, and each Ballot is voted inconsistently, such Ballots will constitute an acceptance of the Plan.

    xiii.    Holders of Class 6 Abuse Claims may submit their Ballots themselves or direct their counsel to submit such Ballots on their behalf. If a Class 6 Abuse Claimant elects to vote their Class 6 Ballot themselves, the Ballot shall contain such Class 6 Abuse Claimant's original signature (or electronic signature if submitted through the E-Balloting Platform). If a Class 6 Abuse Claimant directs their counsel to submit their Class 6 Ballot on their behalf, counsel shall sign such Class 6 Ballot and shall include with such Class 6 Ballot a declaration, submitted under penalty of perjury, that such counsel is authorized to file such Class 6 Ballot on behalf of such Class 6 Abuse Claimant.

b.    <u>Challenges To Allowance Of Claims For Voting Purposes</u>. If any entity seeks to challenge the disallowance of their Claim for voting purposes, or the amount in which their Claim is Allowed for voting purposes, such entity shall file with the Court and serve upon the Debtor, the Survivors' Committee, and the U.S. Trustee a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "**Rule 3018(a) Motion**") temporarily allowing such Claim in a requested amount for purposes of voting to accept or reject the Plan on or before the date that is at least three (3) business days prior to the Voting Deadline. As to any entity filing a Rule 3018(a) Motion, such entity's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing, which hearing may be held contemporaneously with the Confirmation Hearing (defined below).

c.    <u>Ballots Not Counted</u>. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

    i.    Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim.

    ii.    Any Ballot sent to the Plan Proponents, the Plan Proponents' agents or representatives (other than the Balloting Agent), or the Bankruptcy Court; *provided, however*, that the Debtor shall transfer any hard copies of Ballots transmitted to the Debtor at its headquarters at 1099 N. Meridian Street, Suite 800, Indianapolis, Indiana 46204 on or before the Voting Deadline to the Balloting Agent for counting, and the Court may,

in its discretion, transfer or direct the transfer of any Ballots sent to the Court on or before the Voting Deadline to the Balloting Agent for counting.

iii.   Any Ballot transmitted to the Balloting Agent by facsimile or other means not specifically approved herein.

iv.   Any Class 6 Ballot that does not contain an original signature by a Class 6 Abuse Claimant (or electronic signature if submitted via the E-Balloting Platform); *provided*, *however*, that the signature of a Class 6 Abuse Claimant's counsel on the Ballot will be counted for such Class 6 Abuse Claimant if such counsel includes with the Class 6 Ballot a declaration, submitted under penalty of perjury, that such counsel is authorized to file such Class 6 Ballot on behalf of such Class 6 Abuse Claimant.

v.   Any Ballot cast by an entity that (1) does not hold a Claim in a Voting Class or (2) is not otherwise entitled to vote pursuant to the procedures described herein.

d.   Rejected Ballots. Except as otherwise provided herein and subject to any contrary order of the Court, the Debtor shall be entitled to reject as invalid, and exclude from counting for voting purposes, any Ballot that is not timely submitted on or prior to the Voting Deadline. Expressly reserved are the Debtor's rights to reject any and all Ballots that are not in proper form, the acceptance of which, in the opinion of the Debtor, would not be in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the proposed Disclosure Statement Order. The Balloting Agent shall include a schedule of any rejected Ballots, and the reason(s) for their rejection, in the voting report required by Local Rule 3018-1(c) (the "**Voting Report**"), which shall be filed by the Voting Report Filing Deadline.

e.   Multiple Ballots. If multiple Ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last validly executed Ballot timely received shall count for voting purposes, subject to contrary order of the Court.

f.   No Vote-Splitting. Any Ballot that partially rejects and partially accepts the Plan will not be counted.

g.   Defective Ballots: The Debtor, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided, however*, that (1) any such waivers shall be documented in the Voting Report; (2) neither the Debtor, nor any other entities, will be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Report, nor will any such party incur any liability for failure to provide such notification; and (3) unless waived by the Debtor, subject to contrary order of the Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

h. <u>Returned Solicitation Packages And Notices</u>. If any Solicitation Packages, Disclosure Statement Hearing Notices, Confirmation Hearing Notices, or other mailings contemplated by the proposed Disclosure Statement Order are returned as undeliverable by the United States Postal Service or other carrier, or by e-mail, the Debtor shall not be required to re-send such mailings to the applicable entity, and the Debtor's notice obligations under the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the proposed Disclosure Statement Order with respect to each such mailing shall be deemed satisfied. The Debtor shall only be required to re-send any Solicitation Package, notice, or other mailing if the entity whose service was returned as undeliverable provides the Balloting Agent with an accurate mailing address not less than ten (10) calendar days prior to the Solicitation Deadline. For the avoidance of doubt, if any entity has changed its mailing address during this chapter 11 case, the burden rests exclusively upon such entity to advise the Balloting Agent of its new address.

i. <u>Non-Substantive Or Immaterial Modification</u>: The Plan Proponents shall be permitted to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Ballots, Disclosure Statement Hearing Notice, Confirmation Hearing Notice, Debtor's Cover Letter, Survivors' Committee's Letter, Notice Of Non-Voting Status, and any other related documents approved by the proposed Disclosure Statement Order without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to their distribution.

32.     For Class 6 Abuse Claimants who stated on their Proofs of Claim that they are represented by counsel, the Debtor, through the Balloting Agent, will distribute the Solicitation Packages on or before the Solicitation Deadline by first-class U.S. mail to both the Class 6 Abuse Claimant and his or her counsel, and by electronic mail to Class 6 Abuse Claimants' counsel (to the extent the Plan Proponents have electronic mail addresses for such counsel).

33.     Finally, the Debtor proposes not to mail Solicitation Packages or other solicitation materials to: (a) holders of Claims that have already been paid in full during the Debtor's chapter 11 case, or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

34.     The Debtor believes that the Solicitation and Voting Procedures and other relief as requested herein are appropriate and in compliance with the Bankruptcy Code, Bankruptcy Rules,

and Local Rules. Good cause exists for the approval of the Solicitation and Voting Procedures, as these Solicitation and Voting Procedures will maximize efficiencies in the solicitation and voting processes and minimize costs to the estate. The Debtor therefore requests that the Court approve the Solicitation and Voting Procedures.

### F.    Establishing Confirmation Hearing Date, Notice, And Objection Procedures.

35.     In accordance with Bankruptcy Rule 3017(c) and Section 1128 of the Bankruptcy Code, the Debtor requests that the Court establish December 8-9, 2021, beginning at 10:00 a.m. (prevailing Eastern time) each day, as the dates for the hearing at which the Court will consider confirmation of the Plan (the "**Confirmation Hearing**"). The Debtor requests that any order setting the Confirmation Hearing provide that the hearing may be continued from time to time by the Plan Proponents or by the Court without further notice to parties in interest other than by announcing such adjournment in open court and/or a notice of adjournment filed by the Plan Proponents and posted on the Debtor's restructuring website at https://omniagentsolutions.com/usagymnastics.

36.     Bankruptcy Rules 2002(b), 2002(d), and 3018(a) require not less than twenty-eight (28) days' notice to all creditors of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan. To satisfy this requirement, the Debtor will serve the Confirmation Hearing Notice on all known holders of Claims and the parties entitled to notice in this chapter 11 case (regardless of whether such parties are entitled to vote to accept or reject the Plan) by the Solicitation Deadline, which will provide all parties in interest adequate notice of the Plan Objection Deadline (defined below) and of the Confirmation Hearing. The Debtor will also post the Confirmation Hearing Notice on its website and the restructuring website.

37.   The Confirmation Hearing Notice will include, without limitation: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the proposed Disclosure Statement Order, and all other materials in the Solicitation Packages from the Debtor's restructuring website, the Balloting Agent, and the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the Plan Objection Deadline; and (d) notice of the Confirmation Hearing and information related thereto.

38.   Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bank. P. 3020(b)(1). The Debtor requests that the Court establish November 19, 2021 at 11:59 p.m. (prevailing Eastern time) as the deadline by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the Plan Proponents (the "**Plan Objection Deadline**"). The Confirmation Hearing Notice provides, and the Debtor requests, that the Court direct that, objections to confirmation of the Plan or proposed modifications to the Plan, if any, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court, (c) state the name and address of the objecting party and the amount and nature of the Claim of such party, (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, provide a proposed modification or additional suggested language to amend the Plan in a manner that would resolve such objection, (e) be filed, contemporaneously with a proof of service, with the Court on or before the Plan Objection Deadline; and (f) be served on the Plan Proponents and the U.S. Trustee, so as to be actually received by the Plan Objection Deadline. The Debtor further requests leave for it and/or the Survivors' Committee to file omnibus responses to any Plan objections.

39.     The proposed timing for filing and service of objections and proposed modifications, if any, will afford the Court, the Plan Proponents, and other parties in interest sufficient time to consider the objections and proposed modifications prior to the Confirmation Hearing.

40.     The Debtor submits that good cause exists to approve the various deadlines and procedures described above in connection with the Court's consideration of the Disclosure Statement and confirmation of the Plan. Accordingly, the Debtor requests that the Court enter the proposed Disclosure Statement Order.

## NOTICE

41.     The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213].

42.     In addition, upon filing this Motion, the Debtor will serve all known creditors and all other parties entitled to notice pursuant to Bankruptcy Rule 2002 with a copy of this Motion and the Disclosure Statement Hearing Notice, which as set forth above includes, without  limitation: (a) the date, time, and place of the Disclosure Statement Hearing; (b) the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained; and (c) the  deadline and procedures for filing objections to the approval of the Disclosure Statement. Further, in accordance with Bankruptcy Rule 3017(a), the Debtor will provide copies of the Plan and the Disclosure Statement to the U.S. Trustee, the Survivors' Committee, the Indiana Attorney General,  and any other party in interest who requests such

copies in writing.[4]

43.     In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such further relief as is just and proper.

Dated: August 31, 2021                    Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*_____

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
Adam T. Swingle (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com
aswingle@jenner.com

*Counsel for the Debtor*

---

[4] Although Bankruptcy Rule 3017(a) contemplates notice to the Securities and Exchange Commission as well, the Debtor submits that such notice is unnecessary under the particular facts and circumstances of this chapter 11 case. The Debtor is a non-profit organization with no securities or equity interests held by the public and no reporting obligations to the Securities and Exchange Commission.